UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


**AsherKelly, PLLC**
**25800 Northwestern Hwy., Suite 1100**
**Southfield, Michigan  48075**
**Telephone:  248.746.2710**
**Facsimile:   248.359.8301**
**Attorneys of Record for Plaintiffs**
**Matthew I. Henzi #5368212**
**David J. Selwocki #4375499**
_____/


TRUSTEES OF THE SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION LOCAL NO. 38
VACATION FUND, SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION LOCAL NO. 38
INSURANCE AND WELFARE FUND, SHEET METAL
WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38
PROFIT SHARING PLAN, SHEET METAL WORKERS
LOCAL 38 LABOR MANAGEMENT COMMITTEE
AND TRUST, SHEET METAL WORKERS LOCAL UNION 38
CRAFT TRAINING FUND, SHEET METAL CONTRACTORS
INDUSTRY FUND OF SOUTHEASTERN NEW YORK, and
SHEET METAL WORKERS INTERNATIONAL
ASSOCIATION LOCAL NO. 38 UNION,

     Plaintiffs,                              Case No.:  20-cv-
                                           Judge
vs.

ELIZABETH CONTRACTING CORPORATION,
a New York Corporation, JAMES WEISS
and ELIZABETH WEISS, Individually,

     Defendants.
_____/

## COMPLAINT

    **NOW COME** the above-named Plaintiffs, by and through their attorneys,

**ASHERKELLY, PLLC**, and for their Complaint against Defendants, ELIZABETH

CONTRACTING CORPORATION, a New York corporation, JAMES WEISS and ELIZABETH WEISS, individually, state as follows:

1. Plaintiffs are the Trustees of SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 VACATION FUND, SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 INSURANCE AND WELFARE FUND, SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 PROFIT SHARING PLAN, SHEET METAL WORKERS LOCAL 38 LABOR MANAGEMENT COMMITTEE AND TRUST, SHEET METAL WORKERS LOCAL UNION 38 CRAFT TRAINING FUND, SHEET METAL CONTRACTORS INDUSTRY FUND OF SOUTHEASTERN NEW YORK, SHEET METAL WORKERS INTERNATIONAL ASSOCIATED LOCAL NO. 38 UNION, ("FUNDS"), which have administrative offices in the City of Brewster, New York.

2. Plaintiff Trustees are the named Trustees of the Local No. 38 Insurance and Welfare Fund and Profit Sharing Plan and, further, have for all purposes herein been and have acted as the designated representatives for the collection and disbursement of contributions and assessments for and on behalf of the 38 Labor Management Committee, Local 38 Craft Training Fund, Sheet Metal Contactors Industry Fund of Southeastern New York, and Local No. 38 Union.

3. The named Trustees are also Trustees and are successor Trustees to the Local No 38 Vacation Fund, which was terminated in July 2009; signatory employers remain obligated to pay designated monies to a vacation account for and on behalf of their employees/members of Local 38 who work under the terms of the collective bargaining agreement.

4. Plaintiff Trustees are Nicholas Colombo, Jr., Michael Colombo, Gilbert Lester, Dennis LaVopa, James D'Annibale, and Walter Greenwood. All of the Trustees are citizens of the State of New York.

5. Defendant ELIZABETH CONTRACTING CORPORATION is a New York corporation with its principal offices in Armonk, New York (hereinafter "ELIZABETH CONTRACTING").

6. Defendants JAMES WEISS and ELIZABETH WEISS and (hereinafter "Individual Defendants") are individuals who are the principal owners and officers of ELIZABETH CONTRACTING. The Individual Defendants are responsible for running the day-to-day operations of ELIZABETH CONTRACTING and are responsible for all its decisions pertaining to the payment of contributions to the FUNDS, including decisions whether to pay contributions.

7. The Individual Defendants are an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agent acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The Individual Defendants are an employer within the meaning of §3(5) of ERISA, 29 USC §1002(5) and are thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

8. The FUNDS are administered by a Joint Board of Trustees, pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The Plaintiff FUNDS have been established pursuant to Collective Bargaining Agreements

3

heretofore entered into between Local Union No. 38, (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

9.    The Plan Documents, Agreements, and Declarations of Trust establishing Plaintiff Funds are made a part of the Collective Bargaining Agreements by reference and ELIZABETH CONTRACTING agrees to be bound by and comply with the Plan Documents, Trust Agreements and amendments thereto, all related agreements, rules, regulations, policies, reporting forms and other requirements lawfully established by the Trustees of said Funds not in conflict with the terms of the Collective Bargaining Agreements.

10.    At all times relevant hereto, ELIZABETH CONTRACTING has been signatory to Collective Bargaining Agreements with the Union.

11.    Plaintiff FUNDS are third-party beneficiaries of the Collective Bargaining Agreements.

12.    Pursuant to the terms and provisions of the Collective Bargaining Agreements between ELIZABETH CONTRACTING and the Union, ELIZABETH CONTRACTING agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by ELIZABETH CONTRACTING, and covered by the Collective Bargaining Agreements.

13.    Pursuant to the provisions of the Collective Bargaining Agreements and the Plans of the Fringe Benefit Funds, contributions become vested Plan assets when due.

14. That pursuant to the Collective Bargaining Agreements, Defendant ELIZABETH CONTRACTING is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 20th day of the month following the month in which the hours were worked.

15. That pursuant to the Collective Bargaining Agreements, the Trustees are authorized and empowered to examine and copy the payroll records and necessary books and records of a signatory employer to permit the trustees to determine whether such employer is making the appropriate contributions under the Collective Bargaining Agreements. Plaintiffs completed a payroll audit which billed ELIZABETH CONTRACTING $23,112.59 covering the period January 1, 2014 through December 26, 2019. The Company has failed and refused to pay the payroll audit, in violation of the Collective Bargaining Agreements.

16. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and ERISA Section 1145.

17. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between a labor organization and an employer. Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

## COUNT I – BREACH OF COLLECTIVE BARGAINING AGREEMENT AND 29 USC §1145

18. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 17 above as though fully set forth herein.

19. That notwithstanding its contractual obligations, ELIZABETH CONTRACTING has failed and refused to pay its obligations, therefore violating the

5

Collective Bargaining Agreements and various provisions of ERISA, including but not limited to 29 USC §1145.

20.    Plaintiff FUNDS are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreements and are restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

A.    Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreements as set forth above;

B.    Enter an Order that Defendant ELIZABETH CONTRACTING CORPORATION open its books and records for a complete payroll audit;

C.    Enter a Judgment in favor of Plaintiffs against Defendants ELIZABETH CONTRACTING CORPORATION, JAMES WEISS and ELIZABETH WEISS, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorneys' fees, court costs, audit costs, any other collection costs, the mandates of 29 USC §1132(g)(2), and such other sums as may become due to the FUNDS during the pendency of this action;

D.    Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E.    Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT II – BREACH OF FIDUCIARY DUTIES OF
## JAMES WEISS AND ELIZABETH WEISS

21.     Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22.     The Individual Defendants are a fiduciary with respect to the various Fringe Benefit Plans within the meaning of ERISA, 29 U.S.C. §1002(21)(A) in that they exercised discretionary authority or control respecting management or disposition of assets of the Plans.

23.     The Individual Defendants exercised their authority or control over vested Plan assets when they paid other expenses rather than contributions.

24.     By engaging in the acts and omissions described, the Individual Defendants breached their fiduciary duties regarding the Funds within the meaning of 29 U.S.C. §1104(a)(1)(A).

25.     The Individual Defendants are personally liable based on breaching their fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

A.     Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreements as set forth above;

B.     Enter an Order that Defendant ELIZABETH CONTRACTING, CORPORATION open its books and records for a complete payroll audit;

C.     Enter a Judgment in favor of Plaintiffs against Defendants ELIZABETH CONTRACTING CORPORATION, JAMES WEISS and ELIZABETH WEISS, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorneys' fees, court costs, audit costs, any other collection costs, the mandates of 29 USC

§1132(g)(2), and such other sums as may become due to the FUNDS during the pendency of this action;

D.    Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E.    Any such other, further, or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

**AsherKelly, PLLC**

By:   */s/ Matthew I. Henzi*
      **MATTHEW I. HENZI #5368212**
      **DAVID J. SELWOCKI #4375499**
      Attorneys for Plaintiffs
      25800 Northwestern Highway
      Suite 1100
      Southfield MI 48075
      (248) 746-2710
      mhenzi@asherkellylaw.com

Dated: October 13, 2020

W2441646

8